**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RHINO LININGS USA, INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-4060** |
| | : | |
| | : | |
| **JACOBSON WAREHOUSE COMPANY, INC.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                 **April    11,  2008**

On July 31, 2007, Plaintiff Rhino Linings USA, Inc. ("Plaintiff") commenced this action

in the Court of Common Pleas of Philadelphia.  On September 27, 2007, Defendant Jacobson

Warehouse Company, Inc. ("Defendant") removed to federal court.  Now before the Court is

Plaintiff's Motion for Remand.  For the reasons that follow, the Motion will be denied.

**I.      Background**

Plaintiff initially filed a complaint in the Court of Common Pleas of Philadelphia County

on May 18, 2007.  However, the Complaint was not served, and on August 31, 2007, Plaintiff

filed a "Praecipe to Reinstate Complaint."  See Ex. A to Defendant's Opposition to Motion for

Remand ("Def.'s Resp.").  Plaintiff effectuated service on Defendant on September 10, 2007.

See Affidavit of Marty R. Howard ("Howard Aff."), attached as Ex. B to Def.'s Resp., ¶ 7.  On

September 27, 2007, Defendant removed the action on the basis of diversity jurisdiction pursuant

to 28 U.S.C. § 1332.

Plaintiff alleges that removal was improper because (1) Defendant's Notice of Removal

was untimely in that it was filed more than thirty days after Defendant was placed on notice of

the action; (2) Defendant is a citizen of the Commonwealth of Pennsylvania and therefore is

barred from removing the matter from state court; and (3) Plaintiff seeks damages in the amount

of $54,195, and therefore the amount in controversy does not meet the threshold requirement of

$75,000 for jurisdictional purposes.  See 28 U.S.C. § 1332; 28 U.S.C. § 1441(c).

## II.      Legal Standard

 "A defendant or defendants desiring to remove any civil action or criminal prosecution

from a State court shall file in the district court of the United States for the district and division

within which such action is pending a notice of removal."  28 U.S.C. § 1446(a).  In the case of

civil actions, the notice of removal must be filed

> within 30 days after receipt by the defendant, through service or otherwise, of a
> copy of the initial pleading setting forth the claim for relief upon which such
> action or proceeding is based, or within thirty days after the service of summons
> upon the defendant if such initial pleading has then been filed in court, and is not
> required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b).

28 U.S.C. § 1332 provides for federal jurisdiction over a civil action when the parties are

citizens of different states and the amount in controversy exceeds $75,000.  See 28 U.S.C. §

1332(a); see also Agbozouhoue v. Total Serenity Day Spa, 2007 WL 2404708, at *4 (E.D. Pa.

Aug. 16, 2007) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

## III.     Discussion

### 1. Timeliness of Notice of Removal

Plaintiff argues that Defendant's Notice of Removal was untimely because it was filed

more than 30 days after Defendant learned of the action.  Specifically, Plaintiff alleges that

Defendant acknowledged receipt of a notice of conference on August 8, 2007.  See Motion for

Remand, at 10.  Defendant responds that its notice of removal was timely because it was filed

within 30 days of service of the complaint.

In Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222-23 (3d Cir. 2005), the Third Circuit

held that the complaint constituted the "initial pleading" that triggers the 30-day period for

removal under 28 U.S.C. § 1446(b).  See id. at 223.  In so concluding, the Court sought to shield

defendants from having to "decide whether to remove without seeing the complaint or knowing

the nature of the cause of action."  Id. at 222-23.  Applying the Sikirica holding to the facts at

bar, it is clear that notice of a scheduling conference did not trigger the 30-day removal period.

Defendant was not served with the Complaint until September 10, 2007, and the limitations

period therefore did not begin to run until that date.[1]  See Polanco v. Coneqtec Universal, 474 F.

Supp. 2d 735, 737 (E.D. Pa. 2007) ("[U]nder § 1446(b) the thirty day removal period can never

begin to run until the defendants have been formally served with process."); Campbell v. Oxford

Elecs, Inc., 2007 WL 2011484, at *1 (E.D. Pa. July 5, 2007).  Because Defendant's Notice of

Removal was filed on September 27, 2007, within the 30-day limitations period, it was timely.

**2. Defendant's Citizenship**

Section 1332(a) requires complete diversity of citizenship, such that all plaintiffs must be

of diverse citizenship from all defendants.  Kedia v. Jamal, 2007 WL 1147059, at *2 (D. N.J.

April 18, 2007).  "A corporation shall be deemed to be a citizen of any State by which it has been

incorporated and of the State where it has its principal place of business."  Hunt v. Acromed

Corp., 961 F.2d 1079, 1080 (3d Cir. 1992) (citing 28 U.S.C. § 1332(c)(1)).  Plaintiff alleges that

---

[1]      Plaintiff acknowledges that "as of August 8, 2007, [Defendant] had not received a
copy of the complaint due to a failure in the Sheriff's office."  Motion for Remand, at 10.

Defendant has its principal place of business in Pennsylvania, and thus is barred, pursuant to 28

U.S.C. § 1441(b), from removing the matter from state court.[2]  Defendant asserts that it is a

citizen of Iowa, the state of its incorporation, and its principal place of business.[3]

 In order to determine a corporation's principal place of business, the Third Circuit

employs the "center of corporate activities" test.  See CGB Occupational Therapy, Inc. v. RHA

Health Servs. Inc., 357 F.3d 375, 382 (3d Cir. 2004), citing Kelly v. United States Steel Corp.,

284 F.2d 850, 854 (3d Cir. 1960).  The test "requires courts to ascertain the headquarters of day-

to-day corporate activity and management."  Mennen Co. v. Atlantic Mut. Ins. Co., 147 F.3d 287,

291 (3d Cir. 1998).  Secondary considerations include "where the Board decisions concerning

overall corporate functions are reached, and also where a number of the basic corporate functions

are maintained (e.g. pension plans, insurance, loans)."  Quaker State Dyeing & Finishing Co. v.

ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972).  Finally, factors such as location of

physical plants, assets, and employees, may also be considered.  See U.S. Foodservice, Inc. v.

Long Island Restaurant, LLC, 2008 WL 144217, at *3 (M.D. Pa. Jan. 11, 2008); Stewart v.

Precision Airmotive Corp., 2007 WL 2892686, at *1 (E.D. Pa. Oct. 3, 2007).

 In support of its argument that Defendant maintains a principal place of business in

---

[2] 28 U.S.C. § 1441 provides:

>Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought* (emphasis added).

[3] It is undisputed that Plaintiff is a citizen of California.

Pennsylvania, Plaintiff cites only to the fact that Defendant keeps a large, 168,000 square foot

storage facility in Levittown, Pennsylvania.  Plaintiff's reliance on this fact is misplaced.  The

following undisputed facts, as stated in the Affidavit of Marty R. Howard, Vice President and

General Counsel of the Jacobson Companies, reveal that Defendant's center of corporate

activities is located in Iowa:

(a)  Defendant is incorporated in Iowa and maintains its headquarters in Des Moines.  See

Howard Aff. at ¶ 2;

(b) Defendant's day-to-day corporate activities, including financial, legal, and

management decisions are made by its officers, directors, and employees located in Iowa, where

the company's books and records are kept.  See id. at ¶ 3;

(c) Defendant does not maintain corporate offices in Pennsylvania, and none of its

corporate officers reside or work in Pennsylvania.  See id. at ¶ 4; and

(d) Defendant maintains storage facilities in 18 states.  The facilities located in Iowa,

Illinois, and North Carolina are significantly larger than those located in Pennsylvania.  See id. at

¶ 5.

While Defendant does conduct business in Pennsylvania, the undisputed facts offered by

Defendant support the conclusion that its principal place of business is in Iowa, and not in

Pennsylvania.

**3. Amount in Controversy**

Finally, Plaintiff argues that the action was removed improperly because the amount in

controversy does not exceed the jurisdictional requirement of $75,000, since Plaintiff seeks no

more than $54,195 in damages.  Although Plaintiff cites to its Complaint in support of this

proposition, nowhere in the Complaint does Plaintiff assert the figure of $54,195.  In fact, the

Complaint seeks "damages of $100,000 together with interest" on each of Counts I, II, IV, and V,

and "damages of $200,000" on Count III.  See Complaint, at 5-9.  "The general federal rule is to

decide the amount in controversy from the complaint itself."  Angus v. Shiley Inc., 989 F.2d 142,

145 (3d Cir. 1993); Lasch v. Idearc Media Corp., 2007 WL 4302815, at *4 (E.D. Pa. Dec. 7,

2007) ("a plaintiff following removal cannot destroy federal jurisdiction simply by amending a

complaint that initially satisfied the monetary floor." (citations omitted)); Augustine v. Chubb

Group of Ins. Cos., 2005 WL 1869186, at *2 (E.D. Pa. July 27, 2005).  Because in its Complaint

Plaintiff demands recovery well in excess of $75,000, removal was proper and remand is

unwarranted.

**IV.    Conclusion**

For the foregoing reasons, this action was properly removed, and Plaintiff's Motion for

Remand will be denied.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHINO LININGS USA, INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-4060** |
| | : | |
| **JACOBSEN WAREHOUSE COMPANY** | : | |

## ORDER

**AND NOW**, this      11th          day of April, 2008, upon consideration of Plaintiff's

Motion for Remand to State Court (docket no. 7), Defendant's Response thereto (docket no. 9),

and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion

is **DENIED.**

**BY THE COURT:**

**/s/ Bruce W. Kauffman**
**BRUCE W. KAUFFMAN,  J.**

7